IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
97 AUG 18 PM 3: 31

[signature]
CLERK-SANTA FE

JENNIFER O'CONNOR and )
DAN O'CONNOR, )
 )
    Plaintiffs, )
 )
v. ) No. CIV 97 01105
 )
SHAMROCK, INC., a New Mexico ) RICHARD L. PUGLISI
Corporation and LOIS KESSLER, )
Individually, )
 )
    Defendants. )
_____ ) JURY TRIAL DEMANDED

## COMPLAINT TO RECOVER DAMAGES FOR PERSONAL INJURIES

For their complaint, Plaintiffs JENNIFER O'CONNOR and DAN O'CONNOR state:

### PARTIES

1. Jennifer O'Connor ("Jennifer") and Dan O'Connor ("Dan") are husband and wife and are citizens of the State of Minnesota.

2. Shamrock, Inc. ("Shamrock"), is a corporation organized under the laws of the State of New Mexico with its principal place of business in the State of New Mexico.

3. Lois Kessler ("Kessler") is and was at all relevant times, a citizen of the State of New Mexico and the mother of Gerald Brooks ("Brooks").

JONES, SNEAD, WENTWORTH & JARAMILLO, PA

## JURISDICTION AND VENUE

4. Diversity of citizenship is present pursuant to 28 U.S.C. §1332. The amount in controversy exceeds $75,000, exclusive of interest and costs. Venue is appropriate in this court pursuant to 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. At all relevant times, Shamrock was the owner and operator of a multi-unit apartment complex known as Mountain View Apartments, located at 2401-2403 South Sunset Avenue, Roswell, New Mexico. Jennifer leased Apartment C in the building located at 2401 South Sunset Avenue pursuant to a written lease agreement with Shamrock dated October 1, 1995. A copy of the lease is attached hereto, marked as Exhibit "1" and incorporated by reference herein.

6. At all relevant times Kessler was an officer, director and employee of Shamrock and the general manager of the Mountain View Apartments.

7. At all relevant times Brooks was employed by Shamrock as a handyman at the Mountain View Apartments having been hired by his mother, Kessler, in her capacity as an officer of Shamrock and manager of Mountain View Apartments. In partial consideration for his services as a handyman, Brooks was allowed to live in Apartment B of the Mountain View apartments located at 2401 South Sunset Avenue, Roswell, New Mexico.

JONES, SNEAD, WERTHEIM, WENTWORTH & JARAMILLO, PA

JONES, SNEAD, WERTHEIM & JARAMILLO, PA

8. At the time Kessler and Shamrock hired Brooks as a handyman of Mountain View Apartments and allowed him to reside there at Apartment B, it was known to them or should have been known to them that Brooks was a convicted felon who had been in and out of the New Mexico penal system for approximately ten years, that he had a history of drug abuse, alcohol abuse, stalking and violence towards women and that felony charges were then pending against him in Chaves County, New Mexico in connection with an incident that occurred in 1995.

9. Knowing Brooks' background, Kessler and Shamrock placed and retained Brooks in a position of responsibility and trust by allowing him to work as a handyman at the Mountain View Apartments, allowed him to have access to the apartments located therein for the purpose of performing painting and repair work and further allowed him to reside in an apartment immediately adjacent to Jennifer's, knowing that she was a young woman living alone.

10. Thereafter, on or about April 3, 1996, Brooks was again arrested and charged with felony auto burglary, attempted auto theft and criminal damage to property. Despite knowing of this arrest and these charges, as well as Brooks' prior criminal background and that he had dangerous propensities, Kessler took charge of his person and allowed him to continue to work at Mountain View Apartments and reside in the apartment immediately adjacent to Jennifer's.

**Complaint to Recover Damages for Personal Injuries - Page 3**

11. At all relevant times, Shamrock and Kessler owed Jennifer a duty of reasonable care.

12. On April 13, 1996 at approximately 4:30 a.m., Brooks surreptitiously, and without the consent of Jennifer, gained access to Jennifer's apartment, woke her from her sleep, tied her to her bed and sexually assaulted and falsely imprisoned Jennifer at knife point for several hours.

13. Brooks was subsequently arrested and charged with aggravated burglary, criminal sexual penetration, criminal sexual contact, and false imprisonment. Thereafter, on May 28, 1996, Brooks pled guilty in the District Court of Chaves County, New Mexico, in Case Number CR-96-137, pursuant to a plea and disposition agreement which admitted the essential factual allegations of the charges against him, and was thereafter sentenced to 15 years in the custody of the New Mexico Department of Corrections followed by two years of parole. Because of his past criminal record, the court determined Brooks to be a habitual criminal offender, and his sentence was further enhanced by three years because he was in a position of trust at Mountain View Apartments. Copies of the Criminal Information and Amended Judgment, Sentence and Commitment in Chaves County Cause CR-96-137 are attached hereto, marked as Exhibit "2" and incorporated by reference herein.

## COUNT I

## NEGLIGENT HIRING, SUPERVISION AND RETENTION(SHAMROCK)

14. Jennifer repeats and realleges paragraphs 1-13 as if fully set forth herein.

15. Knowing of Brooks' history of criminal felonies, drug abuse, alcohol abuse, stalking and violent propensities, Shamrock breached its duty of reasonable care to Jennifer and was guilty of negligence in one or more of the following ways:

    a. It negligently hired Brooks and retained him in a position of trust as handyman of Mountain View Apartments which enabled him to have close daily contact with tenants and access to tenant apartments, and which thereby enabled him to stalk and monitor the comings and goings of Jennifer and to determine a way to gain access to her apartment while she was sleeping.

    b. It negligently allowed Brooks, as its agent and handyman, to live in an apartment immediately adjacent to Jennifer's which thereby enabled Brooks to stalk and monitor the comings and goings of Jennifer and to determine a way to gain access to her apartment while she was sleeping.

    c. It negligently failed to supervise Brooks when it allowed him to enter and have access to tenant apartments when it knew

**Complaint to Recover Damages for Personal Injuries - Page 5**

that he was a felon with a history of drug abuse, alcohol abuse, stalking and violent propensities.

d.  It negligently failed to warn Jennifer of Brooks' criminal history, drug and alcohol abuse and violent propensities.

16. The sexual assault on Jennifer by Brooks was directly and proximately caused by the negligence of Shamrock.

17. As a direct and proximate result of Shamrock's negligence, Jennifer was sexually assaulted at knife point, tied to her bed, held against her will and she thereby suffered and will continue to suffer severe and permanent injuries including, but not limited to, severe psychological trauma and stress, humiliation, exposure to sexually transmitted diseases, severe pain and suffering and lost wages.

18. The acts of Shamrock and its employees were willful, wanton, malicious, reckless or oppressive or show evidence of "evil motive" or a culpable mental state, and punitive damages should therefore be awarded against Shamrock in an amount to deter Shamrock and others from similar conduct.

19. Because all or part of plaintiff's damages are liquidated and ascertainable and as otherwise provided by New Mexico law, pre-judgment intersst should be ordered against defendant Shamrock.

WHEREFORE, the Plaintiff, JENNIFER O'CONNOR, prays for judgment against Shamrock in an amount commensurate with her damages, for punitive

**Complaint to Recover Damages for Personal Injuries - Page 6**

damages, for pre-judgment interest and for costs of suit.

## COUNT II

## NEGLIGENT CONTROL OF ONE WITH DANGEROUS PROPENSITIES

## (KESSLER)

20.     Jennifer repeats and realleges paragraphs 1-19 as if fully set forth herein.

21.     Having assumed the charge of Brooks after his arrest on April 3, 1996, Kessler owed Jennifer a duty to exercise reasonable care to control Brooks to prevent him from harming Jennifer and others at Mountain View Apartments.

22.     Kessler, having assumed the charge of Brooks and knowing of Brooks' past history of criminal felonies, drug abuse, alcohol abuse, stalking and violent propensities, breached her duty of care to Jennifer and acted negligently in one or more of the following ways:

> a.      She placed her son Brooks, whom she knew to be a felon with a history of drug abuse, alcohol abuse, stalking and violent propensities, in a position of trust as a handyman at Mountain View Apartments where he had close daily contact with its tenants and access to tenant apartments, which thereby enabled him to stalk and monitor the comings and goings of Jennifer and to determine a way to gain access to her apartment while she was sleeping.

**Complaint to Recover Damages for Personal Injuries - Page 7**

b. She directed and allowed Brooks, whom she knew to be a felon with a history of drug abuse, alcohol abuse, stalking and violent propensities, continue to live in Apartment B of Mountain View Apartments which was immediately adjacent to the apartment rented by Jennifer which thereby allowed him to stalk and monitor the comings and goings of Jennifer and gain access to her apartment.

23. The sexual assault on Jennifer was directly and proximately caused by the negligence of Kessler.

24. As a direct and proximate result of Kessler's negligence, Jennifer was sexually assaulted at knife point, tied to her bed, held against her will and she thereby suffered and will continue to suffer severe and permanent injuries including, but not limited to, severe psychological trauma and stress, humiliation, exposure to sexually transmitted diseases, severe pain and suffering and lost income.

25. The acts of Kessler were willful, wanton, malicious, reckless or oppressive or show evidence of "evil motive" or a culpable mental state, and punitive damages should therefore be awarded against Shamrock in an amount to deter Shamrock and others from similar conduct.

26. Because all or part of plaintiff's damages are liquidated and ascertainable and as otherwise provided by New Mexico law, pre-judgment interest should be ordered against defendant Kessler.

**Complaint to Recover Damages for Personal Injuries - Page 8**

WHEREFORE, the Plaintiff, JENNIFER O'CONNOR, prays for judgment against Kessler in an amount commensurate with her damages, for punitive damages, for pre-judgment interest and for costs of suit.

## COUNT III

## UNSAFE PREMISES (SHAMROCK)

27. Jennifer repeats and realleges paragraphs 1-26 as if fully set forth herein.

28. At all relevant times, Shamrock owed a duty of care to provide safe and secure premises to Jennifer and its other tenants at Mountain View Apartments.

29. Pursuant to a written lease agreement entered into between Shamrock and Jennifer, Shamrock promised to Jennifer that she would "peacefully and quietly have, hold, and enjoy" the use of her apartment for the term of her lease.

30. Shamrock breached its duty of care to provide safe and secure premises to Jennifer and was guilty of negligence in one or more of the following ways:

   a. It negligently failed to provide Jennifer with a safe and secure apartment.

   b. It negligently failed to warn Jennifer of the criminal and violent background of Brooks, whom it permitted to reside in an apartment immediately adjacent to the apartment leased

JONES, SNEAD, WERTHEIM, WENTWORTH & JARAMILLO, PA

by Jennifer, when it knew Brooks was a felon with a history of drug abuse, alcohol abuse, stalking and violent propensities.

c. It negligently cted Brooks, as Shamrock's agent and handyman, to reside in an apartment adjacent to the apartment rented and occupied by Jennifer, knowing he was a felon with a history of drug abuse, alcohol abuse, stalking and violent propensities, which thereby allowed Brooks to stalk and monitor the comings and goings of Jennifer and gain access to her apartment while she was sleeping.

d. It allowed Brooks to have key access to Jennifer's apartment when it knew Brooks was a felon with a history of drug abuse, alcohol abuse, stalking and violent propensities, which allowed him to enter and "case out" Jennifer's apartment while she was away and thereby determine a way to enter her apartment while she was sleeping and sexually assault her.

31. As a direct and proximate result of Shamrock's negligence, Jennifer was sexually assaulted at knife point, tied her to her bed, held against her will and she thereby suffered and will continue to suffer severe and permanent injuries including, but not limited to, severe psychological trauma and stress, humiliation,

**Complaint to Recover Damages for Personal Injuries - Page 10**

exposure to sexually transmitted diseases, severe pain and suffering and lost income.

32.  The acts of Shamrock and its employees were willful, wanton, malicious, reckless or oppressive or show evidence of "evil motive" or a culpable mental state, and punitive damages should therefore be awarded against Shamrock in an amount to deter Shamrock and others from similar conduct.

33.  Because all or part of plaintiff's damages are liquidated and ascertainable and as otherwise provided by New Mexico law, pre-judgment interst should be ordered against defendant Shamrock.

WHEREFORE, the Plaintiff, JENNIFER O'CONNOR, prays for judgment against Shamrock in an amount commensurate with her damages, for punitive damages, for pre-judgment interest and for costs of suit.

## COUNT IV

## LOSS OF CONSORTIUM

34.  Dan repeats and realleges paragraphs 1 through 33 as if fully set forth herein.

35.  Dan is the husband of Jennifer and as such is entitled to society, guidance, companionship and sexual relations of his wife.

36.  As a direct and proximate result of the negligent conduct of Kessler and Shamrock, Dan suffered emotional distress due to the loss or diminishment of

the society, guidance, companionship and sexual relations of his wife due to the injury to Jennifer and will continue to be denied the same in the future.

WHEREFORE, the Plaintiff, DAN O'CONNOR, prays for judgment against the Defendants Kessler and Shamrock in an amount commensurate with his injuries, and for costs of this action.

> JONES, SNEAD, WERTHEIM, WENTWORTH
> & JARAMILLO, P. A.
>
> Attorneys for Jennifer O'Connor and Dan O'Connor, Plaintiffs
>
> By_____
> JOHN WENTWORTH
> Post Office Box 2228
> Santa Fe, New Mexico 87504-2228
> (505) 982-0011

## JURY DEMAND

Comes now plaintiffs, Jennifer and Dan O'Connor, by and through their attorneys, Jones, Snead, Wertheim, Wentworth & Jaramillo, P. A., and hereby demand a jury of six (6).

_____
JOHN WENTWORTH

71011001\051297.PL1

**Complaint to Recover Damages for Personal Injuries - Page 12**



Form R310

# RESIDENTIAL LEASE

### Apartment – Condominium – House

BY THIS AGREEMENT made and entered into on October 1, 1995 between Shamrock, Inc. , herein referred to as Lessor, and Dan and/or Jennifer O'Conner , herein referred to as Lessee, Lessor leases to Lessee the premises situated at 2401C S. Sunset Blvd. , in the City of Roswell , County of Chaves , State of New Mexico , and more particularly described as follows: 2 Bedroom, 1 Bath apartment , together with all appurtenances, for a term of n/a years, to commence on Oct. 1, 19 95 , and to end on n/a , 19 , at o'clock .m. This is a month to month lease, requiring a 30 day notice.

1. **Rent.** Lessee agrees to pay, without demand, to Lessor as rent for the demised premises, the sum of Four hundred fifty & no/100----------------------------Dollars ($ 450.00 ) per month in advance on the 1st day of each calendar month beginning Oct. 1, 19 95 , at P. O. Box 2248 City of Roswell , State of NM 88202-2248 , or at such other place as Lessor may designate.

2. **Security Deposit.** On execution of this lease, Lessee deposits with Lessor Two hundred & no/100------------------------------------Dollars ($ 200.00 ), receipt of which is acknowledged by Lessor, as security for the faithful performance by Lessee of the terms hereof, to be returned to Lessee, without interest, on the full and faithful performance by Lessee of the provisions hereof. To be returned upon a 30 day notice to vacate less any major damages to apartment.

3. **Quiet Enjoyment.** Lessor covenants that on paying the rent and performing the covenants herein contained, Lessee shall peacefully and quietly have, hold, and enjoy the demised premises for the agreed term.

4. **Use of Premises.** The demised premises shall be used and occupied by Lessee exclusively as a private single family residence, and neither the premises nor any part thereof shall be used at any time during the term of this lease by Lessee for the purpose of carrying on any business, profession, or trade of any kind, or for any purpose other than as a private single family residence. Lessee shall comply with all the sanitary laws, ordinances, rules, and orders of appropriate governmental authorities affecting the cleanliness, occupancy, and preservation of the demised premises, and the sidewalks connected thereto, during the term of this lease.

5. **Number of Occupants.** Lessee agrees that the demised premises shall be occupied by no more than 2 persons, consisting of 2 adults and 0 children under the age of years, without the written consent of Lessor.

6. **Condition of Premises.** Lessee stipulates that he has examined the demised premises, including the grounds and all buildings and improvements, and that they are, at the time of this lease, in good order, repair, and a safe, clean, and tenantable condition.

7. **Assignment and Subletting.** Without the prior written consent of Lessor, Lessee shall not assign this lease, or sublet or grant any concession or licence to use the premises or any part thereof. A consent by Lessor to one assignment, subletting, concession, or license shall not be deemed to be a consent to any subsequent assignment, subletting, concession, or license. An assignment, subletting, concession, or license without the prior written consent of Lessor, or an assignment or subletting by operation of law, shall be void and shall, at Lessor's option, terminate this lease.

8. **Alterations and Improvements.** Lessee shall make no alterations to the buildings on the demised premises or construct any building or make other improvements on the demised premises without the prior written consent of Lessor. All alterations, changes, and improvements built, constructed, or placed on the demised premises by Lessee, with the exception of fixtures removable without damage to the premises and movable personal property, shall, unless otherwise provided by written agreement between Lessor and Lessee, be the property of Lessor and remain on the demised premises at the expiration or sooner termination of this lease.

9. **Damage to Premises.** If the demised premises, or any part thereof, shall be partially damaged by Fire or other casualty not due to Lessee's negligence or willful act or that of his employee, family, agent, or visitor, the premises shall be promptly repaired by Lessor and there shall be an abatement of rent corresponding with the time during which, and the extent to which, the leased premises may have been untenantable; but, if the leased premises should be damaged other than by Lessee's negligence or willful act or that of his employee, family, agent, or visitor to the extent that Lessor shall decide not to rebuild or repair, the term of this lease shall end and the rent shall be prorated up to the time of the damage.

EXHIBIT 1

10. **Dangerous Materials.** Lessee shall not keep or have on the leased premises any article or thing of a dangerous, inflammable, or explosive character that might unreasonably increase the danger of fire on the leased premises or that might be considered hazardous or extra hazardous by any responsible insurance company.

11. **Utilities.** Lessee shall be responsible for arranging for and paying for all utility services required on the premises, except that    water and garbage    shall be provided by Lessor.

12. **Maintenance and Repair.** Lessee will, at Lessee's sole expense, keep and maintain the leased premises and appurtenances in good and sanitary condition and repair during the term of this lease and any renewal thereof. In particular, Lessee shall keep the fixtures in the house or on or about the leased premises in good order and repair; keep the furnace clean; keep the electric bells in order; keep the walks free from dirt and debris; and, at Lessee's sole expense, shall make all required repairs to the plumbing, range, heating, apparatus, and electric and gas fixtures whenever damage thereto shall have resulted from Lessee's misuse, waste, or neglect or that of Lessee's employee, family, agent, or visitor. Major maintenance and repair of the leased premises, not due to Lessee's misuse, waste, or neglect or that of his employee, family, agent, or visitor, shall be the responsibility of Lessor or his assigns.

Lessee agrees that no signs shall be placed or painting done on or about the leased premises by Lessee or at his direction without the prior written consent of Lessor.

13. **Animals.** Lessee shall keep no domestic or other animals on or about the leased premises without the written consent of Lessor.

14. **Right of Inspection.** Lessor and his agents shall have the right at all reasonable times during the term of this lease and any renewal thereof to enter the demised premises for the purpose of inspecting the premises and all building and improvements thereon.

15. **Display of Signs.** During the last   30   days of this lease, Lessor or his agent shall have the privilege of displaying the usual "For Sale" or "For Rent" or "Vacancy" signs on the demised premises and of showing the property to prospective purchasers or tenants.

16. **Subordination of Lease.** This lease and Lessee's leasehold interest hereunder are and shall be subject, subordinate, and inferior to any liens or encumbrances now or hereafter placed on the demised premises by Lessor, all advances made under any such liens or encumbrances, the interest payable on any such liens or encumbrances, and any and all renewals or extensions of such liens or encumbrances.

17. **Holdover by Lessee.** Should Lessee remain in possession of the demised premises with the consent of Lessor after the natural expiration of this lease, a new month-to-month tenancy shall be created between Lessor and Lessee which shall be subject to all the terms and conditions hereof but shall be terminated on   30   days' written notice served by either Lessor or Lessee on the other party.

18. **Surrender of Premises.** At the expiration of the lease term, Lessee shall quit and surrender the premises hereby demised in as good state and condition as they were at the commencement of this lease, reasonable use and wear thereof and damages by the elements excepted.

19. **Default.** If any default is made in the payment of rent, or any part thereof, at the times hereinbefore specified, or if any default is made in the performance of or compliance with any other term or condition hereof, the lease, at the option of Lessor, shall terminate and be forfeited, and Lessor may re-enter the premises and remove all persons therefrom. Lessee shall be given written notice of any default or breach, and termination and forfeiture of the lease shall not result if, within   3   days of receipt of such notice, Lessee has corrected the default or breach or has taken action reasonably likely to effect such correction within a reasonable time.

20. **Abandonment.** If at any time during the term of this lease Lessee abandons the demised premises or any part thereof, Lessor may, at his option, enter the demised premises by any means without being liable for any prosecution therefor, and without becoming liable to Lessee for damages or for any payment of any kind whatever, and may, at his discretion, as agent for Lessee, relet the demised premises, or any part thereof, for the whole or any part of the then unexpired term, and may receive and collect all rent payable by virtue of such reletting, and, at Lessor's option, hold Lessee liable for any difference between the rent that would have been payable under this lease during the balance of the unexpired term, if this lease had continued in force, and the net rent for such period realized by Lessor by means of such reletting. If Lessor's right of re-entry is exercised following abandonment of the premises by Lessee, then Lessor may consider any personal property belonging to Lessee and left on the premises to also have been abandoned, in which case Lessor may dispose of all such personal property in any manner Lessor shall deem proper and is hereby relieved of all liability for doing so.

21. **Binding Effect.** The covenants and conditions herein contained shall apply to and bind the heirs, legal representatives, and assigns of the parties hereto, and all covenants are to be construed as conditions of this lease.

22. **Other Terms:**   Please use the north laundry room only.

IN WITNESS WHEREOF, the parties have executed this lease at   2401C S. Sunset  , the day and year first above written.

Lessor   Lois Kessler
         Vice President

Lessee   Jennifer O'Conner

© E-Z Legal Forms. Before you use this form, read it, fill in all blanks, and make whatever changes are necessary to your particular transaction. Consult a lawyer if you doubt the form's fitness for your purpose and use. E-Z Legal Forms and the retailer make no representation or warranty, express or implied, with respect to the merchantability of this form for an intended use or purpose.

```
                                              FIFTH JUDICIAL DISTRICT
                                                 CHAVES COUNTY NM
                                                  FILED IN MY OFFICE
IN THE DISTRICT COURT OF CHAVES COUNTY
                                              96 MAY 22 PM 2: 13
STATE OF NEW MEXICO
                                                    BEE J. CLEM
STATE OF NEW MEXICO,        )                  CLERK DISTRICT COURT
                            )
     Plaintiff,             )
                            )
vs.                         )        No. CR-96- 137
                            )
GERALD BROOKS               )
DOB: 03/05/68               )
SS#: 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            )
                            )                  Case Assigned
     Defendant.             )                  To: Judge [illegible]
_____)
```

CRIME:   Count 1,   Auto Burglary
         Count 2    Aggravated Burglary
         Count 3,   Criminal Sexual Penetration

## CRIMINAL INFORMATION

The District Attorney of Chaves County, State of New Mexico, states that:

Count 1,
    On or about the 3rd day of April, 1996, in said County and State, the Defendant entered a vehicle, to-wit: a 1987 Mazda Pickup belonging to Martin Pattison, without authorization or permission, with intent to commit a theft or felony offense therein, contrary to Section 30-16-3(B), NMSA 1978.

Count 2,
    On or about the 13th day of April, 1996, in said County and State, the Defendant entered a structure or vehicle, without authorization or permission, with intent to commit a theft or felony offense therein and was armed with a deadly weapon OR armed himself with a deadly weapon after entering, OR committed a battery upon Jennifer O'Connor while in such place, contrary to Section 30-16-4, NMSA 1978.

Count 3,
    On or about the 13th day of April, 1996, in said County and State, the above-named defendant unlawfully and intentionally caused Jennifer O'Connor to engage in sexual intercourse, cunnilingus, fellatio or anal intercourse OR caused the insertion, to any extent, of an object into the anus or vagina of another, and the defendant was armed with a deadly weapon, contrary to 30-9-11(D), NMSA 1978.

EXHIBIT 2

The preliminary hearing was waived by the defendant. Witnesses having information in support of this Information are:

John Wayne Davis     Jennifer O'Conner    Martin Pattison

Penalty: Counts 1, Fourth Degree Felony
Counts 2 - 3, Second Degree Felony

THOMAS A. RUTLEDGE
DISTRICT ATTORNEY

Kea W. Riggs
Assistant District Attorney

ENDORSED
ORG. FILED DIST

NOV 1 4 1996

IN THE DISTRICT COURT OF CHAVES COUNTY

STATE OF NEW MEXICO

STATE OF NEW MEXICO,       )
                           )
        Plaintiff,         )
                           )
vs.                        )   No. CR-96-137
                           )
GERALD BROOKS              )
DOB:  03/05/68             )
SS#:  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          )
                           )
        Defendant.         )
                           )

## AMENDED
## JUDGMENT, SENTENCE AND COMMITMENT

The Defendant was charged by Criminal Information with the commission on April 3, 1996, of the felony crime of Count 1, Auto Burglary and on April 13, 1996, of the felony crimes of Count 2, Aggravated Burglary and Count 3, Criminal Sexual Penetration.

On May 28, 1996, the Defendant pled guilty pursuant to a plea and disposition agreement to the crimes as charged in the Criminal Information.  On May 28, 1996, the Court sentenced the Defendant.  The State of New Mexico was represented by Kea W. Riggs, Senior Trial Prosecutor, at the guilty plea and sentencing proceedings.  The Defendant was present and represented by Thomas Dow, attorney-at-law, at the guilty plea and sentencing proceedings.

Subsequent to the Defendant being convicted, the State of New Mexico filed a Supplemental Criminal Information alleging the Defendant to be an Habitual Criminal Offender.  On May 28, 1996, the Defendant admitted being an habitual offender with one prior conviction as charged in the Supplemental Criminal Information.

THE JUDGMENT AND SENTENCE OF THE COURT IS THEREFORE AS

FOLLOWS:

As to Count 1, the Defendant is sentenced to EIGHTEEN (18) MONTHS in the custody of the Corrections Department to be followed by ONE (1) on parole under the supervision of the Field Services Division of the Corrections Department. The sentence in Count 1 is ENHANCED by ONE (1) YEAR as a result of Defendant having been found to be an habitual criminal offender, for a total of TWO AND ONE-HALF (2 1/2) YEARS followed by ONE (1) YEAR on parole. As to Count 2, the Defendant is sentenced to NINE (9) YEARS in the custody of the Corrections Department to be followed by TWO (2) YEARS on parole under the supervision of the Field Services Division of the Corrections Department. Pursuant to a finding of aggravating circumstances, the sentence is Count 2 shall be increased by THREE (3) YEARS for a total sentence of TWELVE (12) YEARS, followed by TWO (2) YEARS on parole. As to Count 3, the Defendant is sentenced to NINE (9) YEARS in the custody of the Corrections Department to be followed by TWO (2) YEARS on parole. The sentences in Counts 2 and 3 are ENHANCED by ONE (1) YEAR as a result of Defendant having been found to be an habitual criminal offender. Count 2 and 3 shall be served concurrent with each other and consecutive to Count 1.

SIX (6) MONTHS of the underlying sentence shall be suspended for a total sentence of FIFTEEN (15) YEARS in the custody of the Corrections Department to be followed by TWO (2) YEARS on parole under the supervision of the Field Services Division of the Corrections Department.

The Defendant shall comply with the Sex Offender Registration

Act, Section 29-11A-1 et seq, NMSA 1978 Compilation, and register with the County Sheriff for the county in which he resides, currently Chaves County.

Therefore, You, the Sheriff of Chaves County, New Mexico are commanded to take the Defendant in custody and transport him to the Department of Corrections where he is to be confined as set forth hereinabove. The Defendant shall receive pre-sentence and post-sentence confinement credit from: April 13, 1996, until date of transfer.

/s/ William P. Johnson
WILLIAM P. ~~LYNCH~~ Johnson
DISTRICT JUDGE

SUBMITTED:

KEA W. RIGGS
SENIOR TRIAL PROSECUTOR